IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WINFIELD T. WILLIS                *
                                  *
v.                                *     Civil Action No. WMN-14-3748
                                  *
GREEN TREE SERVICING, LLC         *
                                  *
    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *

<u>**MEMORANDUM**</u>

Pending before the Court is a Motion for Remand to State Court, ECF No. 10, filed by Plaintiff Winfield T. Willis and a Motion to Dismiss, ECF No. 7, filed by Defendant Green Tree Servicing, LLC (Green Tree).  The motions are fully briefed, the Court determines that no hearing is necessary, Local Rule 105.6, and for the reasons stated herein, Plaintiff's motion will be denied and Defendant's motion will be granted.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, acting <u>pro se</u>, brings this action under the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601 <u>et seq</u> (Count II);[1] the Fair Debt Collection Practice Act (FDCPA),

---

[1] Under Count II, Plaintiff also cites the "Consumer Financial Protection Act," and refers to Defendant failing to act "in accordance with 1026.41 and . . . 1024.39."  ECF No. 2 at 9. The Consumer Financial Protection Act of 2010 (CFPA), Pub. L. 11-203, Title X, 124 Stat. 1955 (codified as amended in scattered sections of 12, 15, and 18 U.S.C.), which was part of the larger Dodd-Frank Wall Street Reform and Consumer Protection Act, established the Consumer Financial Protection Bureau (the Bureau).  Under this Act, the Bureau was charged with the

15 U.S.C. § 1592 (Counts X and XIII); the Maryland Consumer

Protection Act (MCPA), Md. Code Ann., Real Prop. § 13-101 et seq

(Counts I, III, IV, VIII, IX, and XII); the Maryland Mortgage

Fraud Protection Act (MFPA), Md. Code Ann., Real Prop. § 7-401

et seq (Count VII); Md. Code Ann., Real Prop. § 7-105 (Counts XI

and XIV); and various state common law claims (Counts V and VI)

for Defendant's handling and servicing of his mortgage loan.

This case arises from a mortgage loan in the sum of

$350,000, obtained by Winfield Willis and Patricia Lewis, for

real property located at 2816 Hillsdale Road, Baltimore,

Maryland, 21207 (the Property).  The loan is evidenced by a

promissory note (the Note) and secured by a deed of trust ("Deed

of Trust").  Only Plaintiff signed the Note but both Plaintiff

and Ms. Lewis signed the Deed of Trust.  Plaintiff has submitted

two versions of these documents – one dated December 15, 2005,

and one dated January 2, 2006.  The December 15, 2005, Note and

Deed of Trust – which Plaintiff claims are the true documents,

as December 15 "is the only date the Plaintiff remembers signing

any documents" –  is witnessed but not notarized.  ECF Nos. 2-9

---

authority to promulgate rules and regulations to "implement the
provisions of Federal consumer financial law."  12 U.S.C. §
5512(a).  Accordingly, the Bureau implemented regulations for
RESPA, which is the "1026.41" and "1024.39" to which Plaintiff
refers.  See 12 CFR §§ 1026.41 and 1024.39.  Therefore,
Plaintiff's allegations that Defendant was not in compliance
with these federal regulations need not be considered
independently under the CFPA.

and 2-10.  The January 2, 2006, Note and Deed of Trust – which Plaintiff claims are a forgery – are witnessed and notarized.[2] ECF Nos. 2-5 and 2-6.  Plaintiff also alleges that this Note was "robo signed" with three "Pay to the Order of" stamps.  ECF No. 2 ¶ 31.

On June 6, 2013, the Deed of Trust was assigned to Defendant.  ECF No. 2-1.  On December 19, 2013, Defendant filed an Affidavit of Deed of Trust Debt and Right to Foreclose in the Circuit Court for Baltimore City, Maryland.  ECF No. 2-11.  On February 14, 2014, Defendant assigned substitute trustees. Then, on February 28, 2014, Green Tree filed an Affidavit of Default and Mailing of Notice of Intent to Foreclose in Circuit Court for Baltimore City, Maryland.  ECF No. 2-2.  As part of the foreclosure process, Defendant submitted the affidavit of Elaine Waterson, a Foreclosure Specialist, attesting that Defendant was unable to conduct a Final Loss Mitigation Analysis because there was no contact with the borrower.  ECF No. 2-3.

---

[2] The Court notes that, in a separate action filed by Mr. Willis against Bank of America and others before Judge Ellen Lipton Hollander, Willis v. Bank of America Corp., Civ. No. 13-2615, the defendants submitted a Limited Power of Attorney for Correcting Typographical Errors signed by Mr. Willis on December 16, 2005.  This document allowed the settlement attorneys to correct any typographical errors and copy Mr. Willis and Ms. Lewis's signatures onto a corrected document.  ECF No. 16-1. The December 15, 2005, Deed of Trust contains such a typographical error, listing Mr. Willis' property as 2816 Hillside Road, not 2816 Hillsdale Road.  Compare ECF No. 2-10 at 3 with ECF No. 2-6 at 3.

In its filings with the Circuit Court, Ms. Lewis is included as a Borrower along with the Plaintiff.  Plaintiff contends that such inclusion constitutes material misrepresentations and deceptive trade practices in violation of MCPA.  ECF No. 2 at 11-12.

Plaintiff alleges that the first time he received any notice of the foreclosure was on June 2, 2014, when Defendant's attorney, Samuel I. White, delivered a copy of the foreclosure documents.  Id. ¶ 6.  He claims not to have received a notice of Intent to Foreclose packet sent by Defendant on October 10, 2013.  Id. ¶ 8.  Plaintiff also claims that the first direct communication with Defendant was on September 19, 2014, when Defendant's employee Maria Alvarado stated that the address on file for Plaintiff was a location in Baton Rouge, Louisiana. Id. ¶ 10.  Plaintiff has no connection with Baton Rouge. Plaintiff alleges that all documents that Defendant was obligated to send under RESPA and Maryland law must have gone to this address.  Id. ¶ 12-14.

Plaintiff filed this case in the Circuit Court for Baltimore City on October 17, 2014.  Defendant then removed to this Court on December 1, 2014.  Plaintiff filed a Motion to Remand to send this action back to the Circuit Court for Baltimore City after Defendant filed its Motion to Dismiss all claims.

## II.  <u>PLAINTIFF'S MOTION TO REMAND</u>

Plaintiff makes three arguments to support his Motion to Remand to State Court: (1) that Defendant's removal of the action to this Court was untimely under 28 U.S.C. § 1446, ECF No. 10 ¶ 3; (2) that Plaintiff's claims raise "a novel or complex issue of State law" and that these State law claims "substantially predominate" over his Federal law claims such that the court should exercise its discretion to remand the case, <u>id.</u> ¶ 10; and (3) that diversity jurisdiction does not exist because a Maryland company is remotely attached to Defendant's ownership.[3]  <u>Id.</u> ¶ 13.  The Court finds none of these arguments persuasive and will maintain jurisdiction over this action.

First, Defendant timely removed to this Court on December 1, 2014.  28 U.S.C. § 1446 requires a defendant to remove a civil action from state to federal court within 30 days of being served with the complaint.  Defendant was served on October 28, 2014.  Plaintiff calculates the last day for removal as November

---

[3] Plaintiff also argues that the Court may sever his state law claims from his federal claims under 28 U.S.C. § 1441(c) because "none of these federal questions are based on the underlying facts for the other eleven (11) state law claims." ECF No. 10 at 7.  Even a brief review of the complaint shows that all of Plaintiff's claims "derive from a common nucleus of operative facts," <u>Isaac v. North Carolina Dep't of Transp.</u>, 192 F. App'x 197, 199 (4th Cir. 2006), namely Defendant's alleged conduct in servicing Plaintiff's loan.  Thus, severance under § 1441(c) is inappropriate.

28, 2014, taking into account that the thirtieth day, November 27, 2014, was the Thanksgiving holiday.  ECF No. 10 at 4-5. What Plaintiff does not take into account is that Friday, October 28 was a Court holiday in accordance with Local Rule 504.1.  Therefore, the deadline for Defendant to remove was December 1, 2014.  Defendant timely removed on that date.

Second, Plaintiff has not sufficiently articulated a reason why the Court should exercise its discretion to remand back to the Circuit Court for Baltimore City.  Section § 1367(c) of Title 28 of the United States Code provides the Court with the discretionary authority to decline to exercise its supplemental jurisdiction over state law claims if such claims "raise[] a novel or complex issue of State law" or "substantially predominate[] over the . . . claims over which the district court has original jurisdiction."  Plaintiff argues that because he brought eleven claims under Maryland law and three under federal law, his state law claims are novel enough and so predominate over his federal claims that remand is warranted. He provides no further detail regarding the novelty of his claims, nor does he articulate "in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought," United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966), why his Maryland claims predominate over his federal claims.  To say simply that his Maryland claims are larger in

number than his federal claim is insufficient ground to warrant wholesale remand.  The Court, therefore, will exercise its original jurisdiction authority over Plaintiff's federal claims and supplemental jurisdiction authority over the Maryland law claims.

Finally, although the Court finds that it has subject matter jurisdiction over this action, it will also reject Plaintiff's creative argument against diversity jurisdiction.  A federal district court may exercise jurisdiction over a civil action when the "matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states." 28 U.S.C. § 1332(a)(1).  For the purposes of diversity jurisdiction, a corporation's citizenship is derived from either its state of incorporation or its principal place of business. 28 U.S.C. 1332(c).  Defendant is incorporated in Delaware and has its principal office in Minnesota.  Therefore, it can claim citizenship in Delaware and Minnesota, but not Maryland. Plaintiff attempts to assign Maryland citizenship to Defendant by stating that Walter Investment Management Corporation (Walter Investment), a Maryland corporation, somehow owns Defendant. ECF No. 10 ¶ 10.  Walter Investment is removed from Defendant by eight layers of LLC ownership,[4] all eight layers of which are

_____

[4] The sole member of Defendant is Green Tree Licensing, LLC. Green Tree Licensing, LLC's sole member is Green Tree MH LLC.

Delaware incorporated LLCs with a principal place of business in either Minnesota or Florida.  It is an extreme stretch and inappropriate under diversity jurisprudence to assign Walter Investment's Maryland citizenship to Defendant.  Plaintiff and Defendant are citizens of different states and Plaintiff has claimed in excess of $75,000 in damages; therefore, diversity jurisdiction exists between the parties.  Plaintiff's Motion to Remand is denied in its entirety.

### III. <u>DEFENDANT'S MOTION TO DISMISS</u>

### A. <u>Legal Standard</u>

Defendant's motion is governed by Fed. R. Civ. P. 12(b)(6) and 9(b).  In evaluating a motion to dismiss filed pursuant to Rule 12(b)(6), the Court must accept as true all well-pled allegations of the complaint and construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff.  <u>See Ibarra v. United States</u>, 120 F.3d 472, 474 (4th Cir. 1997).  To survive dismissal, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  <u>Ashcroft v.</u>

---

Green Tree MH LLC's sole member is Green Tree HE/HI LLC.  Green Tree HE/HI LLC's sole member is Green Tree CL LLC.  Green Tree CL LLC's sole member is Green Tree Investment Holdings II LLC.  Green Tree Investment Holdings II LLC's sole member is Green Tree Credit Solutions LLC.  Green Tree Credit Solutions LLC's sole member is Walter Investment Holding Company, LLC. Walter Investment Holding Company, LLC's sole member is Walter Investment Management Corp.  ECF No. 10-1 at 2-3.

Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v.
Twombly, 550 U.S. 554, 570 (2007)).  "A claim has facial
plausibility when the plaintiff pleads factual content that
allows the court to draw the reasonable inference that the
defendant is liable for the misconduct alleged." Iqbal, 556
U.S. at 678 (citing Twombly, 550 U.S. at 556).  A court need not
accept a plaintiff's legal conclusions as true, as "[t]hreadbare
recitals of the elements of a cause of action, supported by mere
conclusory statements, do not suffice." Id.  Thus,
"[d]etermining whether a complaint states a plausible claim for
relief will . . . be a context-specific task that requires the
reviewing court to draw on its judicial experience and common
sense." Id. at 679.

    Many of Plaintiff's claims allege fraudulent conduct on the
part of Defendant.  Claims that sound in fraud implicate the
heightened pleading standard of Federal Rule of Civil Procedure
9(b) which states: "In alleging fraud or mistake, a party must
state with particularity the circumstances constituting fraud or
mistake.  Malice, intent, knowledge, and other conditions of a
person's mind may be alleged generally."  Under this Rule, a
plaintiff alleging claims that sound in fraud "must, at a
minimum, describe the time, place, and contents of the false
representations, as well as the identity of the person making
the misrepresentation and what he obtained thereby." United

States ex rel. Owens v. First Kuwaiti Gen'l Trading &
Contracting Co., 612 F.3d 724, 731 (4th Cir. 2010) (quotation
omitted).  In other words, "Rule 9(b) requires plaintiffs to
plead the who, what, when, where, and how: the first paragraph
of any newspaper story."  Crest Construction II, Inc. v. Doe,
660 F.3d 346, 353 (8th Cir. 2011) (quotation omitted).

    B. RESPA Claim: Count II

    In Count II, Plaintiff alleges that Defendant violated §
2605 of RESPA when it used the address of 3834 Pensacola Drive,
Baton Rouge, Louisiana, 70814, as his official contact address.
By using that address, Plaintiff claims that Defendant did not
meet the notice requirements under the statute and did not
comply with federal regulations requiring Defendant to provide
periodic monthly statements and to establish early intervention
with delinquent consumers.  ECF No. 2 at 9. Plaintiff does not
articulate any injury or resulting damages, simply demanding
$600,000 in compensatory damages.  Id.  "[C]ourts have
consistently dismissed complaints under RESPA if they do not
allege actual damages or state merely that in a conclusory
fashion the defendant caused damages to the plaintiff."
Corazzini v. Litton Loan Servicing LLP, Civ. No. 09-199, 2010 WL
6787231, at *12 (N.D.N.Y. June 15, 2010); See 12 U.S.C. §
2605(f)(1)(A) ("Whoever fails to comply with this section shall
be liable to the borrower . . . [for] any actual damages to the

borrower as a result of the failure."). Plaintiff's demand is insufficient to show that damages arose from Defendant's using the Baton Rouge address on file.  See Hutchinson v. Delaware Sav. Bank FSB, 410 F. Supp. 2d 374, 383 (D.N.J. 2006) ("[A]lleging a breach of RESPA duties alone does not state a claim under RESPA.  Plaintiffs must, at a minimum, also allege that the breach resulted in actual damages.").  Therefore, the Court will dismiss Plaintiff's RESPA claim.

   C. MCPA Claims: Counts I, III, IV, VIII, IX, and XII

   In Counts I, III, IV, VIII,[5] IX, and XII, Plaintiff alleges that Defendant violated the MCPA by failing to notify him that it was the new servicer of his loan (Count I); by "deceitfully" attaching the Baton Rouge, Louisiana, address to his file and sending all correspondence there (Count III); by including Patricia Lewis as a Defendant to the foreclosure action, although she did not sign the Note or apply for a loan (Count IV);  by providing a fabricated amount due under the Note and Deed of Trust to the Circuit Court of Baltimore City (Count VIII); by failing to show a clear chain of assignment that establishes "standing" to foreclose (Count IX); and by failing

---

[5] In Count VIII, Plaintiff does not formally cite the MCPA as the source of his claim, but he captions the Count "Deceptive Trade Practices."  His other MCPA claims are similarly captioned, so the Court will include Count VIII in its review of the MCPA.

to disclose information "relevant to an ordinary person and/or unsophisticated consumer" (Count XII).

The MCPA prohibits commercial entities from engaging in any "unfair or deceptive trade practice" in "[t]he collection of consumer debts."  Md. Code Ann., Com. Law § 13-303(5).  "To state a claim under the MCPA, plaintiffs must adequately allege: '(1) an unfair or deceptive practice or misrepresentation that is (2) relied upon, and (3) causes them actual injury.'"  Currie v. Wells Fargo Bank, N.A., 950 F. Supp. 2d 788, 796 (D. Md. 2013) (citation omitted).  MCPA claims are subject to the heightened pleading standard of Rule 9(b).  See Spaulding v. Wells Fargo Bank, N.A., 714 F.3d 769, 781 (4th Cir. 2013) ("[T]he MCPA claim, which sounds in fraud, is subject to the heightened pleading standards of [Rule 9(b)].").

Plaintiff has failed to adequately plead across six counts a cause of action under the MCPA.  Counts IV, VIII, and IX detail allegations – that Ms. Lewis was wrongfully included as a party to the foreclosure action, that the "Schedule of Charges" filed in the action was fabricated, and that the Defendant has not clearly demonstrated it has the ability to foreclose – that, if true, would constitute misrepresentations to the Circuit Court rather than to Plaintiff.  Whether Defendant's conduct in foreclosing on Plaintiff's property has been deficient is a

question best left to the Circuit Court to address.[6]  Counts IV,

VIII, and IX will be dismissed.

As to Counts I, III, and XII, Plaintiff fails to allege

that he relied on or suffered damages as a result of Defendant's

conduct.  A party seeking to recover damages under the MCPA must

prove reliance.  See Bank of America, N.A. v. Jill P. Mitchell

Living Trust, 822 F. Supp. 2d 505, 533 (D. Md. 2011) ("The

requirement of reliance flows from the MCPA's prescription that

the party's 'injury or loss' be 'the result of' the prohibited

practice.") (quoting Md. Code Ann., Com. Law § 13-408).  With

regards to a material misrepresentation, a "consumer relies on a

misrepresentation when the misrepresentation substantially

induces the consumer's choice." Id.  Plaintiff has failed to

allege facts to show that he relied on Defendant's

misrepresentations or omissions, nor does he explain how

Defendant's alleged failures materially impacted his

circumstances or conduct.  Further, Plaintiff fails to show that

Defendant's conduct caused him actual harm.  Accordingly, Counts

I, III, and XII will be dismissed.

---

[6] Plaintiff specifically requests that "the Honorable Court
should Dismiss Patricia Lewis from the foreclosure proceeding"
as he argues that Defendant concedes that Ms. Lewis is not
financially obligated to pay the loan in question.  ECF No. 14 ¶
20.  This Court has no power to dismiss any party from a case
pending before the Circuit Court for Baltimore City.

D. <u>Maryland Breach of Contract and Fraud Claims: Counts V</u>
   <u>and VI</u>

In Counts V and VI, Plaintiff alleges that Defendant is
liable for "Breach of Contract," "Common Law Fraud," and
"Constructive Fraud" under Maryland law because Defendant used
the January 2, 2006, documents as the basis of its foreclosure
filing.  ECF No. 2 at 12-15.  Plaintiff fails to sufficiently
allege a cause of action under either a theory of contract or
fraud.  First, in order to claim a breach of contract, Plaintiff
must "allege with certainty and definiteness <u>facts</u> showing a
contractual obligation owed by the defendant to the plaintiff
and a breach of that obligation by defendant." <u>Polek v. J.P.</u>
<u>Morgan Chase Bank, N.A.</u>, 36 A.3d 399, 416 (Md. 2012) (citation
omitted).  Plaintiff begins by alleging that Defendant filed
"false, fabricated, and counterfeit loan documents dated January
2, 2006, in its foreclosure filing which renders the documents
invalid and unenforceable."  ECF No. 2 ¶ 65.  An invalid and
unenforceable contract, by its nature, establishes no obligation
owed by a defendant and can therefore produce no breach to
support a cause of action.  <u>See</u> <u>Big Red, LLC v. Davines, S.P.A.</u>,
31 F. App'x 216, 220 (4th Cir. 2002).  Plaintiff then goes on to
assert that Defendant breached its obligations under the Note
and Deed of Trust "by not disclosing to the Plaintiff that the
Defendants fraudulently and/or intentionally misrepresented the

14

fact that the Defendant's [sic] illegally affixed the Plaintiff's signature to the Note and Deed of Trust dated January 2, 2006." ECF No. 2 ¶ 72. To the extent that this statement is not conclusory, it fails to articulate the source of Defendant's obligation under either the Note or Deed of Trust. Plaintiff's breach of contract claim consists of "nothing more than mere conclusions and general averments of a breach of a contractual duty." Cont'l Masonry Co. v. Verdel Constr. Co., 369 A.2d 566, 569 (Md. 1977).

Second, Plaintiff's allegations of fraud are insufficient to state a cause of action. Under Maryland common law "fraud encompasses, among other things, theories of fraudulent misrepresentation, fraudulent concealment, and fraudulent inducement." Sass v. Andrew, 832 A.2d 247, 261 (Md. Ct. Spec. App. 2003). To plead a case of fraud, the plaintiff must show that (1) the Defendant made a false representation to plaintiff; (2) that its falsity was known by defendant or made with reckless indifference to the truth; (3) that the misrepresentation was made for the purpose of defrauding plaintiff; (4) that the plaintiff relied on the misrepresentation; and (5) that the plaintiff suffered injury as a result of the reliance. See Nails v. S&R, Inc., 639 A.2d 660, 668 (Md. 1994). When pleading a case of fraud, the plaintiff is subject to the heightened pleading standards of Federal Rule of

15

Civil Procedure 9(b).  Although Defendant's subjective intent

may be presented generally, Plaintiff must be able to identify

the content of the false representation, when the representation

was made and by whom, and what was gained by making the

representation.  Plaintiff avers that he has met that standard

when he alleges that "the Defendant forg[ed] the Note and Deed

of Trust dated January 2, 2006, and record[ed] this false

document in public records."  ECF No. 14 ¶ 7.[7]  This allegation

does not meet the particularity requirements beyond, perhaps,

providing a potential date of the misrepresentation.

     As a result, the Court will dismiss Plaintiff's Maryland

common law contract and fraud claims.

     E. FDCPA Claims: Counts X and XIII

     In Counts X and XIII, Plaintiff alleges that Defendant

violated the FDCPA by filing a foreclosure action in the Circuit

Court for Baltimore City and relying on the January 2, 2006,

documents in pursuing that action.  "To establish a FDCPA claim,

---

[7] Plaintiff also argues that, because he has called the
authenticity of the January 2, 2006, set of documents into
question, that Md. Code Ann., Com. Law § 3-308(a) requires
Defendant to "show proof that the instruments are valid by
providing the original instruments for examination by the Court
and Plaintiff."  ECF No. 14 ¶ 9.  Section 3-308 applies when the
action is about the instrument itself, for example when a party
seeks to enforce it.  Here, the action is not about the Note and
Deed of Trust itself but rather Defendant's conduct in pursuing
its rights under these documents.  Section 3-308 does not apply
in this action, although it may be relevant in the state
foreclosure proceedings.

a plaintiff must prove that: (1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." Booshahda v. Providence Dane LLC, 462 F. App'x 331, 333 (4th Cir. 2012). Although it is now not disputed that Defendant is a "debt collector" under the statute,[8] Plaintiff's claims still fail since he has failed to allege that Defendant engaged in an act or omission prohibited by the FDCPA. Plaintiff alleges that Defendant violated the following sections of the FDCPA: § 1692e(5) "by threatening to take and actually taking action that they could not take in that they docketed the Plaintiff's foreclosure with the knowledge that they would improperly supported [sic] the docketing with false, fabricated, or counterfeit affidavits, note, deed of trust, and assignments, etc," ECF No. 2 ¶¶ 106, 125; and §§ 1692e(10) and 1692f when "[e]very false, fabricated, or counterfeit affidavit, note, deed of trust and assignment, etc. filed by Defendant in support of the docketing of the Plaintiff's foreclosure was a false

---

[8] Defendant initially argued that it was not a debt collector under the FDCPA under the belief that Plaintiff did not allege that he was in default at the time Defendant assumed the mortgage.  ECF No. 7 at 24.  Defendant then withdrew this argument in its Reply noting that Plaintiff stated in the complaint that "'the alleged loan was classified as a default loan at the time the Defendant began servicing the alleged loan.'"  ECF No. 16 at 12 (quoting ECF No. 2 ¶ 4).

representation or a deceptive means to collect or attempt to collect a consumer debt." Id. ¶¶ 107, 126. Section 1692e(5) prohibits debt collectors from making a "threat to take any action that cannot legally be taken or that is not intended to be taken." Section 1692e(10) prohibits debt collectors from using "any false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer." Plaintiff has not alleged activity on the part of the Defendant that violates these provisions. Although Plaintiff has alleged that the signatures on the January 2, 2006, documents have been forged, the documents in question are factually correct as to the existence of debt and delinquency by the Plaintiff and are nearly identical to the December 15, 2005, documents on which Plaintiff relies. Thus, a foreclosure action could legally be taken by Defendant and initiating such action does not constitute a threat against Plaintiff.

In addition, Defendant's filings in the foreclosure action do not constitute false representations or deceptive means used to collect Plaintiff's outstanding loan. In order to successfully "plead a claim of false representation under the FDCPA, the party must show that the representations are material." Lembach v. Bierman, 528 F. App'x 297, 303 (4th Cir. 2013). Whether the representation is material "is determined from the vantage of the 'least sophisticated consumer,'

evaluating how that consumer 'would interpret the allegedly offensive language.'" Powell v. Palisades Acquisition XVI, LLC, No. 14-1171, 2014 WL 7191354, ___ F.3d ___, at *6 (4th Cir. Dec. 18, 2014). The Fourth Circuit has "concluded that if a statement would not mislead the unsophisticated consumer, then it does not violate the FDCPA – even if it is false in some technical sense." Fariasantos v. Rosenberg & Assoc., LLC, 2 F. Supp. 3d 813, 817-18 (D. Md. 2014) (interpreting Lembach). That the Note and Deed of Trust were set on January 2, 2006, rather than December 15, 2005, may be false in a technical sense, but the identical contents of both sets of documents support the undisputed fact that Plaintiff secured a mortgage for the purchase of the Property and was in default. See Stewart v. Bierman, 859 F. Supp. 2d 754, 764-65 (D. Md. 2012) ("Even assuming that the trustees' signatures were not their own, the signatures concern undisputedly accurate information concerning mortgage debts owed by Plaintiffs. The signatures do not relate materially to the debt at issue, and Plaintiffs fail to assert how the allegedly fraudulent signatures on indisputably accurate court filings would mislead the least sophisticated consumer in any way.").

Finally, Plaintiff has failed to allege an independent unconscionable action taken by Defendant and not otherwise covered under the FDCPA to provide relief under 15 U.S.C. §

1692f.  Pursuant to § 1692f, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  This section "allows the court to punish any other unfair or unconscionable conduct not covered by the FDCPA." Lembach, 528 F. App'x at 303.  As such "the courts use § 1692f to punish conduct that FDCPA does not specifically cover."  Id. at 304.  Therefore, "[a] complaint will be deemed deficient under this provision if it 'does not identify any misconduct beyond which [p]laintiffs assert violate other provisions of the FDCPA.'"  Johnson v. BAC Home Loans Servicing, LP, 867 F. Supp. 2d 766, 782 (E.D.N.C. 2011).  Here, Plaintiff does not allege independent conduct to support a claim under § 1692f.  Instead, he tacks § 1692f to his deficient § 1692e(10) claim.  Therefore, Plaintiff's claims under the FDCPA must be dismissed.

    F. MFPA Claim: Count VII

    In Count VII, Plaintiff alleges that Defendant violated the MFPA when it "forged the Plaintiff's signatures on the Note and Deed of Trust dated January 2, 2006, and recorded the instruments for public record" and by doing so "committed mortgage fraud . . . with a pattern of constructive mortgage fraud."  ECF No. 2 ¶¶ 82-84.  Under the MFPA, mortgage fraud is defined, in relevant part as

        Any action by a person made with the intent to defraud
        that involves:

(1)    Knowingly making any deliberate
misstatement, misrepresentation, or omission
during the mortgage lending process with the
intent that the misstatement,
misrepresentation, or omission be relied on
by a mortgage lender, borrower, or any other
party to the mortgage lending process; . . .

(3)    Knowingly using or facilitating the use of
any deliberate misstatement,
misrepresentation, or omission during the
mortgage lending process with the intent
that the misstatement, misrepresentation, or
omission be relied on by a mortgage lender,
borrower, or any other party to the mortgage
lending process

Md. Code Ann., Real Prop. § 7-401(d).  In order to state a claim

under the MFPA, a plaintiff must make the same allegations as

required to prove a general case of fraud.  See Castle v.

Capital One, N.A., WMN-13-1380, 2014 WL 176790, at *5 (D. Md.

Jan 15, 2014).  An MFPA claim must also meet the heightened

pleading standard of 9(b).  Ademiluyi v. PennyMac Mortg. Inv.

Trust Holdings, LLC, 929 F. Supp. 2d 502, 532 (D. Md. 2013).

Plaintiff's count of the MFPA violation fails to add any further

detail or specificity regarding Defendant's alleged fraud than

what Plaintiff alleged in Counts V and VI.  Instead, he repeats

the conclusory allegation that the January 2, 2006, documents

were forged and then adds the more forceful conclusion that

Defendant committed "mortgage fraud."  Through these statements,

Plaintiff continues to fail to allege particular facts

sufficient to support a cognizable claim and thus Count VII must be dismissed.

G. Md. Code Ann., Real Prop. § 7-105 et seq. Claims: Counts XI and XIV

In Counts XI and XIV, Plaintiff alleges that Defendant is liable under Md. Code Ann., Real Prop. § 7-105 et seq. because Defendant failed to comply with the foreclosure and notice provisions required under Maryland Law.  ECF No. 2 at 20-21, 24-25. Sections 7-105.1 and 7-105.2 "regulate the notices to be given and procedures to be followed in the state foreclosure process." Stewart, 859 F. Supp. at 766.  If a lender or assignee violates one of these provisions, the borrower may file an action "within 3 years after the date of the order ratifying sale."  Md. Code Ann., Real. Prop. § 7-501.1(o); See also id. 7-501.2(e).  The cause of action, therefore, accrues after the foreclosure is complete and went unchallenged by the borrower. "In other words, the mortgagor is entitled to litigate his objections only once: he may defend against the original foreclosure action directly, or he may bring a separate, offensive suit within three years of the sale; he may not do both." Jones v. HSBC Bank, 444 F. App'x 640, 645 (4th Cir. 2011).  In light of the ongoing foreclosure action in the Circuit Court for Baltimore City, which Plaintiff appears to be defending, it is clear that the time for a § 7-105 action has

not yet accrued, and may even be barred completely.  Counts XI and XIV will be dismissed.

**IV.  CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Remand will be DENIED and Defendant's Motion to Dismiss will be GRANTED.  A separate Order will issue.


_____/s/_____
William M. Nickerson
Senior United States District Judge


DATED:    March 12, 2015